CHARLES JOSEPH KINGSLEY, Respondent, v. GEORGE PAPPAS and PETER KARRIS, as Copartners, Doing Business under the Firm Name and Style of FRIEND'S RESTAURANT, Appellants.— Appeal from a judgment of the Supreme Court, entered in the Albany county clerk's office on December 14, 1939, in favor of plaintiff against defendants for $2,123 upon the verdict of a jury and from an order, entered on December 21, 1939, denying a motion to set aside the verdict and for a new trial. This is a negligence action. Defendants operated a small restaurant. Plaintiff, a customer, asked to see defendant Karris and was directed by a waitress to go into the kitchen. Upon entering the kitchen plaintiff fell through an open and unguarded trap door a step or two inside the door leading into the kitchen, and was injured. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Application of Dr. ISIDORE J. EHLIN, Petitioner, for an Order Pursuant to Article 78 of the Civil Practice Act, against FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondent, Annulling the Determination of the Respondent in Suspending Both the Petitioner's License to Practice Medicine and His Registration as a Physician, and Directing the Petitioner's License to Practice Medicine and His Registration as a Physician Be Forthwith Reinstated.— This is a proceeding brought pursuant to article 78 of the Civil Practice Act in the nature of certiorari to review the order of the respondent Graves, as Commissioner of Education, suspending the right of petitioner to practice medicine in the State of New York for one year. Charges against relator were duly filed and a trial of the charges was had before a subcommittee of the Medical Grievance Committee. The subcommittee unanimously found relator guilty of the charges and recommended that his license be suspended for one year. The entire Medical Grievance Committee, consisting of ten physicians appointed by the Regents, thereafter determined on the merits that relator was guilty of the charges and recommended to the Regents that his license be suspended. The Regents, after hearing on notice to relator, accepted and sustained the determination and recommendation of the Medical Grievance Committee and voted that relator's license as a physician be suspended as aforesaid, and an order to that effect was thereafter made by the Commissioner of Education. The evidence is sufficient to sustain the findings, and the order of the Department of Education should be confirmed. Determination unanimously confirmed. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.